UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ESTATE OF NICHOLAS D. RICE *et al.*,        )
                                            )
            Plaintiffs,                     )
                                            )
      v.                                    )        CAUSE NO. 3:06-CV-0697 RLM
                                            )
CORRECTIONAL MEDICAL SERVICES               )
*et al.*,                                   )
                                            )
            Defendants.                     )

**OPINION AND ORDER**

Plaintiff and Defendant filed an agreed protective order on November 5, 2007, requesting that this Court issue a protective order covering employee personnel files containing confidential personal information of CMS' current and former employees and policy and procure documents containing proprietary information developed and utilized by CMS to administer care and treatment to inmates of the Elkhart County Jail in the underlying litigation.  For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' proposed protective order. [Doc. No.  114]. The parties may resubmit a proposed protective order that comports with Seventh Circuit precedent for this Court's consideration.

**I.    APPLICABLE STANDARD**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed.R.Civ.P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are

especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting <u>Citizens</u>, 178 F.3d at 945).  In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. <u>Citizens</u>, 178 F.3d at 945 (citing <u>In re Krynicki</u>, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., <u>Confidentiality, Protective Orders, and Public Access to the Courts</u>, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.   ANALYSIS

The parties' proposed order fails because the order contains no language explicitly allowing interested members of the public to challenge the sealing of particular documents, even though the proposed order addresses challenges by the parties to the sealing of particular documents.

"The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings."  <u>Jessup v. Luther</u>, 227 F.3d 993, 997 (7th Cir. 2000).  In granting protective orders, judges are thus "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any

interested member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205

F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 945-46).  Even though the parties explicitly allow any

party to challenge the sealing of particular documents in paragraph ten, the proposed order fails to

allow any interested member of the public to challenge the sealing of particular documents.

**III.   CONCLUSION**

Because it fails to explicitly express that any interested member of the public may challenge

the sealing of particular documents, this Court **DENIES WITHOUT PREJUDICE** the parties'

proposed protective order. [Doc. No. 114].  The parties may resubmit their proposed order in light

of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 16th Day of November, 2007.

<u>S/Christopher A. Nuechterlein</u><br/>
Christopher A. Nuechterlein<br/>
United States Magistrate Judge