UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ESTATE OF NICHOLAS RICE, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-697 RLM |
| SHERIFF MICHAEL E. BOOKS, *et al.*, | ) | |
| Defendants | ) | |

## OPINION AND ORDER[1]

The court of appeals affirmed my grant of summary judgment to the defendants with one exception. The court of appeals also reversed Judge Rudy Lozano's dismissal of plaintiff Estate of Nicholas D. Rice's state law claims against one set of defendants; I resolved those claims through a post-remand grant of summary judgment to the defendants. The exception to the affirmance of my order remains for resolution, but the proceedings have slowed because of disagreement over the scope of that exception—in other words, over the scope of the remand.

The court of appeals' decision is found at Rice ex rel. Rice v. Correctional Medical Svcs., 675 F.3d 650 (7th Cir. 2012), and Part II-A of that opinion—the section of the opinion discussing my error leading to partial remand—is found at 675 F.3d at 663-666. At the first post-remand conference in this court, it became

---

[1] Most of the orders and opinions in this case have been written in the third person. In the July 3, 2012 opinion, I used the first person when I needed to distinguish between "my" case (this one) and Judge Lozano's case, both of which had been in the same court. Once again, to distinguish between "this court" and the court of appeals, with occasional reference to Judge Lozano's case, use of the first person fosters clarity.

clear that the parties disagreed over the issues and parties remaining in the case. I invited written submissions, and resolved the differences then known, which related to which defendants remained in the case and the state law claims (as well as issues about new summary judgment motions and whether a joint trial should be held). Unfortunately, the scope of the remanded conditions-of-confinement claim wasn't among the disputes identified for resolution.

The final pretrial conference was scheduled for twelve calendar days before the two-week trial. As the final pretrial conference approached, it became glaringly clear to me that the two sides were preparing for very different trials as a result of disparate construction of the appellate opinion. The defendants filed a motion in limine seeking to limit the trial to what they understood to be the proper scope; their motion sought to exclude seven expert witness and seventeen other classes of evidence. The Estate's responses[2] defended its evidence with an entirely different view of what the issues would be at trial. On September 24, immediately after briefing on the defendants' motion in limine was complete (and two days before the final pretrial conference), I granted the motion in limine in its entireity, explaining why I read the appellate opinion as the defendants did, and inviting the parties to use the final pretrial conference to discuss the trial date. At that conference, I granted the Estate's motion to continue the trial (over the

---

[2] Right up to yesterday's filing of two letter briefs, the Estate has shown a troubling tendency to make two filings when authorized to make one.

defendants' objection) and scheduled a five-day trial limited to the issues the defendants and I understood to have been remanded for trial.

At the same conference, the Estate asked me to certify for appeal, under 28 U.S.C. § 1292(b), my September 24 ruling on the defendants' motion in limine and the earlier summary judgment ruling on the state law claim. I invited letter briefs to allow a quick, but informed, decision. The defendants submitted one such brief, and the Estate submitted two.

The Estate's request is made possible by 28 U.S.C. § 1292(b), which allows a district court, under appropriate circumstances, to certify a question for a permissive appeal. The court of appeals can then accept jurisdiction over the appeal pursuant to Fed. R. App. P. 5, creating an exception to the general rule that a final judgment is a prerequisite for an appeal. 28 U.S.C. § 1292(a). The permissive appeal requires approval of both the district court and the circuit court. Both courts must find that the proposed appeal presents a question of law, that the question of law is controlling, that the question of law is contestable, and the resolution of the question promises to speed up the litigation. Ahbrenholtz v. Board of Trustees of Univ. of Illinois, 219 F.3d 674, 675 (7th Cir. 2000).

Ordinarily, it's best to treat each of these four components of appealability under § 1292(b) separately, but the unusual posture of this case enlaces the factors to the point they are best discussed together.

Under § 1292(b), the court of appeals reviews an order, not whatever the district court tries to certify. Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S.

3

199, 205 (1996). The most salient characteristic of the Estate's request for certification is that the September 24 order the Estate seeks to challenge is the grant of a motion in limine. A ruling on a motion in limine is interlocutory, *see* Clarett v. Roberts, 657 F.3d 664, 669-671 (7th Cir. 2011), unless the court "rules definitely on the record." Fed. R. Evid. 103(a)(2); *see, e.g.*, Wipf v. Kowalski, 519 F.3d 380, 385 (7th Cir. 2008). I haven't made a definitive ruling on the admissibility of the classes of evidence listed in the defendants' motion in limine. My general practice is to make orders in limine interlocutory, requiring only that counsel not raise the issues within the jury's hearing until we can discuss it again outside the jury's hearing. This allows me to reconsider the probative value of a piece of evidence as trial developments occur. *See, e.g.*, Farfaras v. Citizens Bank and Trust of Chicago, 433 F.3d 558, 564-565 (7th Cir. 2006). That approach seems sound in this case: evidence that would be relevant only to some slowly evolving conditions-of-confinement claim not considered by the court of appeals might (or might not) be relevant to the issue of damages arising from deliberate indifference to Mr. Rice's cell and hygiene.[3]

So the record stands now, the Estate seeks an interlocutory appeal of an interlocutory order. My view of the scope of the issue remanded to me (as distinct from the admissibility of evidence) might well be definitive, but § 1292(b) doesn't allow permissive appeals of opinions or general views; only an order is reviewable.

---

[3] This evolving theory of admissibility is discussed with respect to whether the order to be appealed in contestable.

This order is designed to be subject to change during trial. It's difficult to describe any such order as "controlling", since it might not even control what evidence is admitted at trial.

A permissive appeal must involve a question of law. Generally, that requirement looks for interpretative questions under statutes, the constitution, regulations, see Ahrenholz v. Trustees, 219 F.3d at 676, and even new and lightly examined tests under the civil rules. In re Text Messaging Antitrust Litigation, 630 F.3d 622, 626 (7th Cir. 2010). A question of law is one the circuit court can resolve "quickly and cleanly without having to study the record." Ahrenholz v. Trustees, 219 F.3d at 677; In re Text Messaging, 630 F.3d at 626 ("in this case there is no question of huntng through a record or immersing ourselves in a complicated contract").

It's enticingly simple to suggest that in this case, the court of appeals would simply need to look over its opinion and tell us all what the opinion meant to accomplish—no record spelunking required. But again, the order the Estate wants to appeal is an order in limine. The court of appeals might need no more than an hour to say whether its opinion remanded a bigger chunk of the Estate's overall claims than the defendants and I think. But it would be another matter altogether for the court of appeals to decide, for example, whether the scope of the remand was such that Dr. Kathryn Burns should be allowed to testify about the adequacy of medical and psychiatric care that people other than these defendants provided to Mr. Rice while he was in the county jail and whether that care fell within

acceptable professional standards. It would be another matter altogether for the court of appeals to decide whether, in light of the scope of the remand, the Estate should be allowed to present evidence of the county jail population, or the lack of video recordings, or a razor cut on Mr. Rice's neck. Those questions entwine the rules of evidence with the facts of the case. I have found no case in which a permissive appeal of a twenty-four-point order in limine was held to present "a question of law."

As the first gatekeeper through which a § 1292(b) appeal must pass, I am encouraged to explain for the appellate court's benefit why I think "the case satisfies the statutory criteria." Matter of Hamilton, 122 F.3d 13, 14 (7th Cir. 1997). I try never to denigrate any party's argument, but even if we focus only on the scope of the remand and ignore what was actually ordered, I would be hard-pressed to say, much less explain why, the proposed appeal presents a "contestable" issue.

I've been unable to decipher precisely how the Estate reads the appellate opinion. From the Estate's pretrial submissions—its trial brief and its responses to the defendants' motion in limine and to the Estate's witnesses and exhibits—it appeared that the Estate thought everything that happened to Nicholas Rice while in the Elkhart County Jail could be shoehorned into a conditions-of-confinement claim.[4] As I understood the Estate, the jury was to hear (for example) about

---

[4] The Estate doesn't seem to have argued yet that anything more than a conditions-of-confinement claim was remanded.

6

alleged deliberate indifference to serious medicals needs presented by Mr. Rice's schizophrenia, and about alleged deliberate indifference to the need to protect Mr. Rice from attacks by other inmates, and about alleged due process violations by punishing pretrial detainee Nicholas Rice. As I understood the Estate, the jury also would hear about Mr. Rice's death in jail custody and the circumstances surrounding that death, including alleged deliberate indifference to other inmates loudly calling for jail personnel to help Mr. Rice. Based on that understanding, I granted the defendants' motion in limine.

The Estate's memorandum letter for interlocutory appeal leaves me with the thought that the Estate's view of the trial has shifted somewhat, and (for the first time) hints that some or all of the evidence recited in the previous paragraph would be probative of damages occasioned by the condition of Mr. Rice's cell and hygiene.[5]

Perhaps more importantly, the Estate hasn't explained how the appellate opinion might be read to allow its theory, whatever that theory might be. My order in limine set forth the sentences and paragraphs that led to my understanding, and the defendants did the same both in their letter brief concerning interlocutory appeal and their briefing of its motion in limine. The Estate's only effort to outline its reasoning is found at pages 13-14 of its first response to the motion in limine,

---

[5] All of this would be less mysterious had the Estate provided a statement of its contentions for inclusion in the pretrial order. Since that didn't happen, the Estate's trial plan—and so its reading of the appellate decision—has a troublingly diaphanous quality to it.

7

when it quoted from the last two paragraphs of part II-A of the appellate opinion as evidence that the court of appeals "did not limit Plaintiffs conditions of confinement claim to the conditions and cleanliness of Rice's person and cell as alleged by Elkhart Defendants." (Doc. No. 431, at 12). But the eight sentences in the quoted portion refer six separate times to the conditions of Mr. Rice's cell, his hygiene, and the lack of showers. The quoted portion says nothing about the other ways in which the Estate contends, originally and in its pretrial submissions, that various defendants violated Mr. Rice's rights.[6]

In short, the issue is "contested" in the sense that the parties take opposing positions, but the requirement that the issue be "contested" for § 1292(b) certification is simply shorthand for this statutory language: "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion . . .." I can't in good conscience certify to the court of appeals that there is substantial ground for difference of opinion concerning the scope of the issue remanded in Part II-A of the appellate decision.[7]

---

[6] The Estate's brief also quoted quite a bit from the appellate opinion's statement of facts, but that part of the opinion applied to the claims on which summary judgment was affirmed, as well as the remanded claim.

[7] Lack of an explanation for its reading of the appellate opinion hasn't kept the Estate from calling the defendants' reading of the opinion ""absurd and without legal support" (Doc. No. 431, at 2), "absurd and self-serving" (Doc. No. 431, at 2), ""preposterous" (Doc. No. 431, at 4), "ridiculously ask[ing[ this Court to preclude all evidence" (Doc. No. 432. at 1), "[This is] absurd" (Doc. No. 432, at 2), "[This is] absurd." (Doc. No. 432, at 3), and "[Defendants] absurd[ly propose]" (Doc. No. 432, at 3). Disparaging adjectives and adverbs don't persuade, and certainly don't constitute legal argument.

8

An interlocutory appeal doesn't need the potential to end the litigation to satisfy the "speed up the litigation" prong of the § 1292(b) test. Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535, 536 (7th Cir. 2012). It might appear that an interlocutory appeal may materially advance the ultimate termination of the litigation; one trial usually is more expeditious than two. But today's situation is little different than it would have been in January 2009 if I had ruled as I should have on the summary judgment motions, finding a triable issue on the conditions-of-confinement claim but granting summary judgment to the defendants on all other claims. A permissive appeal at that point might have appeared likely to save a second trial, but routine partial grants of summary judgment aren't appropriate for permissive appeal under § 1292(b). *See* Ahrenholz v. Board of Trustees, 219 F.3d at 676 ("it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right."),

In any event, even if an interlocutory appeal would materially advance the ultimate termination of the litigation, that finding alone couldn't justify certifying a permissive appeal to the court of appeals. Because this case doesn't involve a question of law, a controlling question, or a question as to which there is substantial ground for difference opinion, I decline the Estate's request for certification under 28 U.S.C. § 1292(b).

The Estate also asked that the certification include the grant of summary judgment on the state law claim to a set of defendants no longer before the court.

Since I've rejected the principal argument for permissive appeal, little needs to be said about that order, except that the Estate appears to misapprehend the record. In the original summary judgment ruling, I relinquished jurisdiction over the supplemental state law claims after disposing of the federal claims. The Estate didn't appeal that ruling in this case; instead, the Estate filed a new case, based on diversity jurisdiction, that was assigned to Judge Lozano. Judge Lozano dismissed the case based on claim preclusion, the Estate appealed, and the court of appeals reversed. The court of appeals remanded both cases — the conditions-of-confinement claim in this case and the state law claims in Judge Lozano's case — and commented that, "It may make sense to consolidate the litigation over those claims with what remains of the federal suit before Judge Miller." 675 F.3d at 690.

How we could or should proceed on the state law claims was part of the post-remand discussion about the remand's scope, though the parties put this issue in terms of "severance" of the trial of the Lozano defendants from that of the Miller defendants. I tried to explain things this way in an ensuing order:

> Finally, there is the issue of what the parties and I have been describing as severance of the trial of the federal claims and the state law claims. The Estate doesn't want the expenses of two trials; the county defendants fear that a jury would be confused by the request for separate verdicts on separate claims against separate defendants governed by different standards. Upon reflection, I realize that this is really an issue of consolidation for trial rather than severance, because we have two cases, one of which was simply reassigned from Judge Lozano to me.
> Whether that realization affects anyone's burden of persuasion remains to be seen. I will invite briefing on the issue of whether these

related cases should be tried jointly on a track parallel with the dispositive motion briefing.

(Doc. No. 386, at 12-13).

I then set a briefing schedule in what had been Judge Lozano's case for summary judgment motions and arguments about available damages and consolidation. Last November 12, I granted the Lozano defendants' summary judgment motion, rendering the consolidation motion moot. The clerk entered an amended final judgment on December 2, 2013. Nobody appealed that judgment.

The permissive appeal in § 1292(b) is intended to foster judicial economy and reduced expense to the parties by allowing occasional appeals from orders other than final judgments. 16 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE 3D § 3929.1, at 471 (2012). It seems doubtful that § 1292(b) was intended to resurrect an opportunity to appeal a judgment that became final nearly ten months ago. But in any event, I needn't resolve that question because of the other reasons I'm not certifying a permissive appeal.

The court DENIES the plaintiff's request for certification of a permissive appeal under 28 U.S.C. § 1292(b) and Fed. R. App. P. 5.

ENTERED:  September 30, 2014

                                             /s/ Robert L. Miller, Jr.
                                         Robert L. Miller, Jr., Judge
                                         United States District Court